## T. S. GERALD *v.* THE STATE.

CONSTITUTIONAL LAW — RIGHT OF APPEAL. — The County Court Act of 1876 provides that judgments of the County Courts, on appeals from Justices', Mayors', or Recorders' Courts shall be final, unless the judgment rendered, the fine imposed, or the amount in controversy exceeds $100, exclusive of interest and costs. *Held*, that this provision is not in violation of the constitutional right of appeal to this court, but that the power to enact it is conferred on the Legislature by section 22 of article 5 of the Constitution.

APPEAL from the County Court of Coryell. Tried below before the Hon. S. B. RABY, County Judge.

Section 22 of article 5 of the Constitution, referred to in the ôpinion, empowers the Legislature, "by local or general law, to increase, diminish, or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

*Thomas Rock*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant was prosecuted before a justice of the peace, tried by a jury, and fined $5 and costs for an alleged violation of article 382 of the Penal Code,

as amended by the act of June 20, 1876. Gen. Laws 1876, p. 24. From the action of the justice an appeal was prosecuted by the accused to the County Court, where the prosecution was dismissed on motion of the county attorney, and a *procedendo* awarded to the justice, and an appeal has been taken to this court from the judgment of the County Court. The case is before us on motion of the assistant attorney-general to dismiss the appeal for want of jurisdiction.

It is contended on behalf of the appellant, in an interesting argument, that, the right of appeal being given by the Constitution, the right cannot be abridged by legislative enactment, and that the following portion of section 3 of the County Court Act of 1876 (Gen. Laws 1876, p. 18) is in violation of the Constitution, and void in so far as it limits the right of appeal to this court:

" In all appeals from Justices', Mayors', or Recorders' Courts there shall be a trial *de novo* in the County Court; and when the judgment rendered, or fine imposed, or the amount in controversy shall not exceed one hundred dollars, exclusive of interest and costs, such trial shall be final."

We are of opinion that authority is conferred upon the Legislature, by section 22 of article 5 of the Constitution, to enact the precise provision complained of, and we have so held in several cases involving the identical question here raised.

For the reason that the amount in controversy in the County Court did not exceed $100, which is the maximum fine which could have been imposed for the offense charged before the justice of the peace, the motion of the assistant attorney-general must prevail, and this appeal must be dismissed.

*Appeal dismissed.*